UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

RICHARD D. BURNS,
   Plaintiff

05 CV 10973 GAO

v.

ROADS CORPORATION, &
JOHN SARAO, JR., PRESIDENT-
ROADS CORPORATION
   Defendants

RECEIPT # 64166
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 5/11/05

### COMPLAINT

This action is commenced by RICHARD D. BURNS (hereafter "Burns" or "Plaintiff") against ROADS CORPORATION and JOHN SARAO, JR.- PRESIDENT-ROADS CORPORATION (hereafter "Employer"; "Company"; or "Defendant"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq., the Age Discrimination in Employment Act of 1990, 42 U.S.C. Sections 12001 et seq., in addition to other federal, state, and common law claims.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1), and pertinent provisions of the ADEA, 29 USC, s621-634. All conditions precedent to establishing this court's jurisdiction have been satisfied. Jurisdiction is also invoked pursuant to 28 U.S.C.A. Section 1331 and 29 U.S.C. 1132(e), with respect to issues arising under federal statutory law.

2.  Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to

Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 USC 1391 (b, because:

a. The alleged unlawful practices occurred and/or are continuing to occur with the Commonwealth of Massachusetts, and in this judicial district;

b. All records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in this judicial district; and

c. Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a full-time employee of Defendant, at its place of business in this judicial district, but for the Defendant's unlawful practices.

4. On or about August 31, 2004 Burns timely filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to unlawful discrimination and related retaliation on the basis of his disability and age (MCAD #: 04BEM2538 and EEOC #: 16CA402570). (Exhibit A)

5. In timely fashion, Burns requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (Exhibit B).

## PARTIES

6. The Plaintiff, Richard D. Burns, an individual, is a citizen and resident of the Town of Tewksbury, Massachusetts.

7. On information and belief, Defendant Roads Corporation is a domestic corporation, conducting business pursuant to the laws of the Commonwealth of Massachusetts, and maintaining a facility and principal place of business in Massachusetts, located at 241 Treble Cove Rd., N. Billerica, MA. 01862. On information and belief, Defendant John Sarao, Jr. is the President of Roads Corporation. In addition to Defendant Sarao's statutory liability in his individual capacity, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other common indicia of ownership and control to be determined a single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

8. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 100 or more employees in the

11. At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or has been a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e—2000e-17 et seq., and M.G.L.A. Ch. 151B, and any other state or federal statutes referenced in this Complaint, as well as under §101(2) of the ADA, 42 U.S.C. §12117(2), and pertinent provisions of the ADEA, 29 USC. Defendants at all times pertinent to this action was an employer within the meaning of M.G.L.A. CH. 151B, and all other provisions pertinent to this action.

12. At all times material to the allegations of this Complaint, Burns was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a); and is otherwise covered as an individual and/or an employee under the provisions of M.G.L.A. CH. 151B. At all times material to this action, Burns was a "handicapped person" within the meaning of M.G.L.A. CH. 151B; an "employee" under M.G.L.A. CH.151B, and was protected under the provisions of M.G.L.A. CH. 151B.

13. Burns held the status of a person with a disability, as defined in §3(2) of the ADA, 42 U.S.C. 12102, and pursuant to pertinent state law, because he:
   a. has a physical or emotional impairment that substantially limits one or more of her major life activities;
   b. has a record of such an impairment; and/or
   c. is and was regarded by the Defendants as having such an impairment.

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

15. At the time of the events pertinent to this Complaint, Plaintiff was 62-63 years of age (DOB 11/22/41).

16. Plaintiff was employed by the Defendants for approximately four years until his termination, on or about May 17, 2004.

17. During the tenure of Plaintiff's employment, Plaintiff was able to perform all of his duties in a satisfactory manner, meeting or exceeding the Employers' legitimate expectations. .

18. Upon information and belief, Plaintiff was the oldest person in the Defendants' employ.

19. During November, 2003, the Defendants took away Plaintiff's position as Director of Operations, and gave it to a less-experienced person, approximately 10 years younger than Plaintiff, and someone who did not have a disability or medical impairment.

20. Shortly thereafter, in December, 2003, Plaintiff was told by the Employer's President that he needed to take a "rest," and Plaintiff was involuntarily laid off.

21. At this time, Plaintiff suffered from a heart condition and diabetes, which was known by the Employer.

22. At all times material to the allegations of this Complaint, Plaintiff was able, with or without reasonable accommodation, to perform the essential functions of his position.

23. Plaintiff was permitted to return to work in March, 2004, and within a few weeks, on or about May 17, 2004, was terminated. Plaintiff was terminated for the false and pretextual reason of allegedly leaving his post, a fabrication to conceal the Defendants' true motive of discrimination based on Plaintiff's age and disability status and/or the fact that the Defendants regarded him as having a disability.

24. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and terminated him, as a result of his disability status and/or age.

25. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost active employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Failure To Accommodate**
**Retaliation**
**Discriminatory Termination**

26. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

27. At all times material to the allegations of this Complaint, Burns was a qualified individual with a disability within the meaning of ADA, in that he had a physical or mental impairment that substantially limits one or more of his major life's activities, had a record of such an impairment, and/or was regarded by Defendants as having such an impairment.

28. Despite his disability or impairment, Burns was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

29. The Defendants has engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

30. The unlawful practices engaged in by the Defendants include, but are not limited to, Defendants' conduct in refusing to accommodate Plaintiff, forcing the Plaintiff to work under discriminatory terms and conditions of employment, retaliating against Plaintiff, and terminating the Plaintiff.

31. But for the Defendants' intent to discriminate against Burns because of his status as a qualified person with a disability, Defendants would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**M.G.L.A. CH. 151B, et seq.**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**DISCRIMINATORY TERMINATION**

## FAILURE AND REFUSAL TO ACCOMMODATE
## RETALIATION

32. The allegations contained in paragraphs 1-25 above are incorporated herein by reference in their entirety.

33. The Defendants' discriminatory conduct, policies, and practices are violative of the provision of the M.G.L.A. CH. 151B et seq., by:
   a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability and age;
   b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;
   c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability and age; and
   d. causing him lost income and benefits, humiliation, physical and emotional injury, a well as harm to his personal and professional reputation.

33. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Burns' status as a qualified employee with a disability and his age. Such practices include, but are not limited to, Defendants':
   a. terminating Burns because of his disability status and age;
   b. refusing to reasonably accommodate Burns;
   c. forcing Burns to work under discriminatory terms and conditions of employment; and
   d. retaliating against Burns for asserting his rights to be free from discrimination based on disability and age; and for opposing practices forbidden under M.G.L.A. CH. 151B, including, but not limited to §4(4).

35. But for the Defendants' intent to discriminate against Plaintiff because of his disability status and age, Defendants would not have terminated Plaintiff, subjected him to discriminatory terms and conditions of employment, or failed to provide him a reasonable accommodation, or terminated him.

36. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability status and age. The Defendants' conduct has unlawfully deprived Plaintiff of his active employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

### COUNT III
### AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. s 621 ET SEQ.
Discriminatory Termination
Discriminatory Terms and Conditions of Employment

37. Paragraphs 1-25 above are incorporated herein, by reference, in their entirety.

38. The Defendants' conduct, as otherwise referenced in paragraphs 1-25 above was solely by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. s 621 et seq.

39. The Defendants' conduct, as otherwise referenced in paragraphs 1-25, above, was motivated in part by an intent to discriminate against the Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. s621 et seq.

40. The conduct by the Defendants referenced in paragraph 1-25, above, represents a willful violation of section 4(a)(1) and (2) of the ADEA, 29 U.S.C. section 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of excluding qualified employees, including Plaintiff, from employment opportunities, solely on the basis of age.

41. Defendants willfully engaged in a policy or practice of arbitrarily and summarily discriminating against employees in the protected age category, including Plaintiff, in violation of the ADEA, 29 USC section 621 et seq.

42. The Defendants' discriminatory conduct, policies, and practices regarding workplace treatment, compensation, promotion and retention are violative of the provisions of the ADEA, 29 USC section 621 et seq., by:

   a.) interfering with Plaintiff's right to avail himself to the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;
   b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;
   c.) treating his in a hostile, demeaning, and otherwise unlawful manner based on his age; and

  d.)  causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

43. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices included, but were not limited to, Defendants'

  a.)  terminating Plaintiff because of his age;
  b.)  subjecting Plaintiff to discriminatory terms and conditions of employment due to his age; &
  c.)  retaliating against Plaintiff for asserting his right to be free from discrimination based on age.

44. But for the Defendants' intent to discriminate against Plaintiff because of his age, Defendants would not have terminated Plaintiff or subjected him to discriminatory terms and conditions of employment.

45. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

46. By its conduct, the Defendants have failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discrimination against workers in the protected age category.

WHEREFORE, Plaintiff prays that the judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of disability status;

b. an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to his position of active employment, or some other appropriate position, with appropriate increases, benefits status, and promotional opportunities;

c. an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, losses in pension entitlement, vacation pay and other benefits, and the costs of seeking new employment, in amounts to be determined at trial;

d. an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

    g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

    h. any and all penalties and damages available pursuant to state or federal statute; and

    i. grant such further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint as of right by jury.

Respectfully Submitted,
Richard D. Burns
By His Attorney,

_____
Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

This form is affected by the Privacy of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
☐ EEOC

__MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION__ and EEOC
*State or local Agency, if any*

NAME (Indicate Mr., Mrs. & Miss): RICHARD D. BURNS
HOME TELEPHONE (Include Area Code): 978-692-0192
STREET ADDRESS: 74 PARKHURST DR,
CITY, STATE AND ZIP CODE: WESTFORD, MA 01886
DATE OF BIRTH: 11/22/41

Stamp: AUG 3 1 2004

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: ROADS CORPORATION
NUMBER OF EMPLOYEES/MEMBERS: 100+
TELEPHONE (Include Area Code): 978-663-9700
STREET ADDRESS: 241 TREBLE COVE ROAD
CITY, STATE AND ZIP CODE: N. BILLERICA, MA 01862
COUNTY: Middlesex

NAME: JOHN SARAQ, JR., PRESIDENT - Roads Corporation
TELEPHONE NUMBER (Include Area Code): 978-663-9700
STREET ADDRESS: 241 TREBLE COVE ROAD
CITY, STATE AND ZIP CODE: N. BILLERICA, MA 01862
COUNTY: Middlesex

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 11/15/03   LATEST:
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I was employed by the above-referenced employer for approximately four years until my termination, on or about May 17, 2004. I was born on November 22, 1941, and was 62-63 years of age on the dates material to this charge. To my knowledge, I was the oldest person in the Respondent's employ. During November, 2003, the employer took away my position as Director of Operations, and gave it to a less-experienced person, approximately 10 years younger than me. Shortly thereafter, in December, 2003, I was told by the employer's President that I needed to take "a rest," and I was involuntarily laid off. At this time I suffered from a heart condition and diabetes, which was known by the employer, but was able at all times to perform the essential duties of my position, with or without reasonable accommodation. I was permitted to return to work in March, 2004, and within a few weeks, on or about May 17, 2004, was terminated. I was terminated for the false and pretextual reason of allegedly leaving my post, a fabrication to conceal the employer's true motive of discrimination based on age and disability or the fact that the Employer regarded me as having a disability. The Employer's conduct if proven, implicates violations of the Americans With Disabilities Act, the Age Discrimination In Employment Act, various sections of M.G.L. 151B and other state and federal laws.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)
BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

[Signature] 6/29/04
Charging Party (Signature)

SIGNATURE OF COMPLAINANT
[Signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
B. Fanning 6/29/04

FORM 5 (Rev. 08/92)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Richard Burns<br>74 Parkhurst Drive<br>Westford, MA 01886 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-02570 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
Robert L. Sanders,
Area Office Director

FEB 10 2005
*(Date Mailed)*

Enclosure(s)

cc: ROADS CORPORATION
241 Treble Cove Rd
North Billerica, MA 01862

Stephen T. Fanning
The Law Office of Stephen Thomas Fanning
305 South Main Street
Providence, Rhode Island 02903

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Richard D. Burns

## DEFENDANTS

Roads Corporation & John Sarao, Jr., President Roads Corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Stephen T. Fanning #542343
305 S. Main Street (401)272-8250
Providence, RI 02903

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Discriminatory employment practices based on age and disability in viol. of the ADA of 1990, 42 USC 12001 et seq and the ADEA.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

[Nature of suit checkboxes — employment civil rights box 442 marked]

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
no

DATE 5/11/05
SIGNATURE OF ATTORNEY OF RECORD
Stephen Fanning #542343

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Richard D. Burns vs. Roads Corporation

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
           740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Stephen T. Fanning #542343
ADDRESS   305 South Main STreet; Providence, RI 02903
TELEPHONE NO.   401-272-8250

(Category.frm - 09/92)