## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD D. BURNS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.** |
| | * | **05 CV 10973 GAO** |
| **ROADS CORPORATION, & JOHN** | * | |
| **SARAO, JR., PRESIDENT, ROADS** | * | |
| **CORPORATION,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## ANSWER

For its answer to the Complaint of Richard D. Burns, Defendants Roads Corporation and John Sarao, Jr., President of Roads Corporation (hereinafter the "Defendants"), state as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendants may have to seek relief by appropriate motion directed to the allegations in the Complaint. Defendants answer the allegations as set forth in the separately numbered paragraphs as follows:

### JURISDICTION AND VENUE

1.     Paragraph 1 contains only legal averments to which Defendants need not reply.

2.     Paragraph 2 contains only legal averments to which Defendants need not reply.

3.     Paragraph 3 contains only legal averments to which Defendants need not reply.

4.     Roads denies the allegations in paragraph 4.  By way of further answer, Defendants state that the documents referenced in paragraph 4 speak for themselves.

5.     Defendants need not respond to the legal averments and denies the allegations in Paragraph 5.

## PARTIES

6.     Defendants admit that Mr. Burns is an individual and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.     Defendants admits that Roads Corporation is a domestic corporation, conducting business pursuant to the laws of the Commonwealth of Massachusetts and that it maintains a facility and principal place of business located at 241 Treble Cove Road, N. Billerica, MA 01862.  Defendants further admit that John Sarao, Jr. is the President of Roads Corporation. Defendants deny the remaining allegations in Paragraph 7.

8.     Defendants admit the allegations in Paragraph 8.

9.     Paragraph 9 contains only legal averments to which Defendants need not respond.

10.     Paragraph 10 contains only legal averments to which Defendants need not respond.

11.     Paragraph 11 contains only legal averments to which Defendants need not respond.

12.     Paragraph 12 contains only legal averments to which Defendants need not respond.

13.     Defendants deny the allegations and need not respond to the legal averments in Paragraph 13.

2

14.    Defendants deny the allegations and need not respond to the legal averments in Paragraph 14.

## "FACTS COMMON TO ALL COUNTS"

15.    Defendants admit Plaintiff's date of birth is November 20, 1941 and deny the remaining allegations contained in Paragraph 15.

16.    Defendants admits that Mr. Burns was terminated in May, 2004 and denies the remaining allegations in Paragraph 16.

17.    Defendants deny the allegations in Paragraph 17.

18.    Defendants deny the allegation in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph  20.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 relating to whether Mr. Burns had a heart condition and diabetes.  By way of further answer, the Defendants admit that they were aware that Mr. Burns had medical issues in December, 2003.

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants admit that Mr. Burns returned to work in March, 2004 and that his employment was terminated in May, 2004.  Defendants deny the remaining allegations contained in Paragraph 23.

24.    Defendants deny the allegations in Paragraph 24.

25.    Defendants deny the allegations in Paragraph 25.

## COUNT I

26.     Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-25.

27.     Defendants deny the allegations and need not respond to the legal averments contained in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

## COUNT II

32.     Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-31.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34 *[misnumbered as Paragraph 33]*.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

## COUNT III

37.     Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-36.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43.

44.    Defendants deny the allegations in Paragraph 44.

45.    Defendants deny the allegations in Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.  The Defendants

reserve the right to make application to the Court pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c)

to move to dismiss any and all claims.

## THIRD DEFENSE

Certain of Plaintiff's claims are barred because they were not filed within the applicable

statutes of limitations periods.

## FOURTH DEFENSE

Certain of Plaintiff's claim are barred because Plaintiff did not comply with the

administrative prerequisites to suit.

## FIFTH DEFENSE

Plaintiff's claims against Defendants are barred because Plaintiff failed to file his

Complaint within 90 days after receiving a Right to Sue Notification from the Equal

Employment Opportunity Commission.

## SIXTH DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly

sustained, any recovery against the Defendants must be reduced by that amount.  In addition, to

the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any recovery against the Defendants must be reduced by the amount he reasonably could have been expected to earn had he made such efforts.

### SEVENTH DEFENSE

John Sarao is not a proper party defendant.

### EIGHTH DEFENSE

Defendants' actions were motivated by legitimate, non-discriminatory reasons.

### NINTH DEFENSE

Plaintiff's Claims are barred by the doctrine of latches.

### TENTH DEFENSE

Any amount sought to be recovered in this action is banned in whole or in part by the amount owing from Plaintiff to Defendants.

### ELEVENTH DEFENSE

Defendants reserves the right to assert additional defenses or limitations on damages upon discovery of facts presently not known.

Respectfully submitted,

**ROADS CORPORATION, and JOHN SARAO, JR., President of Roads Corporation**

By their Attorneys,

Bradford J. Smith, Esq. (BBO. No. 550325)
Jennifer Merrigan Fay (BBO No. 564309)
**GOODWIN PROCTER LLP**
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated:  August 22, 2005

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Stephen T. Fanning, the attorney of record for Richard D. Burns, 305 South Main Street, Providence, RI 02903, by mail on August 22, 2005.

Jennifer Merrigan Fay

Dated: August 22, 2005

LIBB/1354488.1